1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID WILSON,

11           Plaintiff,                       No. CIV S-05-0876 LKK GGH P

12       vs.

13   JEANNE WOODFORD, et al.,

14           Defendants.                 ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20           Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22           Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $.28 will be assessed by this order.

24   28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect

25   the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

1

1  month's income credited to plaintiff's prison trust account.  These payments will be forwarded

2  by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

3  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4            The court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).

10           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16 Cir. 1989); Franklin, 745 F.2d at 1227.

17           A complaint, or portion thereof, should only be dismissed for failure to state a

18 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19 of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

20 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

21 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

22 a complaint under this standard, the court must accept as true the allegations of the complaint in

23 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

24 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

25 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26 /////

1    Plaintiff's complaint is fifty pages long attached to which are numerous exhibits.

2 Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain a short and plain

3 statement of the claims.  After reviewing plaintiff's complaint, the court finds that it does not

4 comply with Rule 8(a) because it is clear that plaintiff could state his claims in a significantly

5 shorter pleading.  On this ground, the complaint is dismissed with leave to amend.  The amended

6 complaint should be no longer than 25 pages.

7    The court also observes that most of plaintiff's claims concern conditions at the

8 R.J. Donovan Facility which is located in San Diego County.  The remaining claims concern the

9 California Medical Facility (CMF).  San Diego County is located within the jurisdiction of the

10 United States District Court for the Southern District of California.  If plaintiff files an amended

11 complaint, he should only include his claims regarding conditions at CMF.  He should file a

12 complaint in the Southern District regarding his claims concerning R.J. Donovan.

13    In accordance with the above, IT IS HEREBY ORDERED that:

14    1. Plaintiff's request for leave to proceed in forma pauperis is granted.

15    2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

16 Plaintiff is assessed an initial partial filing fee of $.28.  All fees shall be collected and paid in

17 accordance with this court's order to the Director of the California Department of Corrections

18 filed concurrently herewith.

19    3. The complaint is dismissed for the reasons discussed above, with leave to file

20 an amended complaint within thirty days from the date of service of this order.  Failure to file an

21 amended complaint will result in a recommendation that the action be dismissed.

22 DATED: 6/14/05

23

24                                          /s/ Gregory G. Hollows

                                          _____
25                                          GREGORY G. HOLLOWS
                                          UNITED STATES MAGISTRATE JUDGE

26 wil876.b

3