IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

        Plaintiff,                          No. CIV S-05-0876 LKK GGH P

    vs.

JEANNE WOODFORD, et al.,

        Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. On June 14, 2005, the court dismissed the original complaint with leave to amend. Pending before the court is the amended complaint filed July 11, 2005.

        Plaintiff states that this action is brought pursuant to Title II of the Americans with Disabilities Act (ADA). Plaintiff seeks damages and injunctive relief. Named as defendants are Warden Schwartz, Sergeants Murray and Park and Officer Nesbeth.

        Plaintiff cannot seek damages pursuant to the ADA against the defendants in their individual capacities. <u>Eason v. Clark County School Dist.</u>, 303 F.3d 1137, 1144 (9th Cir. 2002), citing <u>Garcia v. S.U.N.Y. Health</u>, 280 F.3d 98, 107 (2d Cir. 2001). However, plaintiff may bring a claim pursuant to Title II of the ADA against state entities for injunctive relief and damages. <u>Phiffer v. Columbia River Correctional Institute</u>, 384 F.3d 791 (9th Cir. 2004). Accordingly, the

amended complaint is dismissed because plaintiff has not named a proper defendant.  If plaintiff files an amended complaint alleging an ADA claim, he must name a state entity as a defendant.

      The court also observes that several of plaintiff's claims for relief do not state colorable ADA claims.  Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability.  42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  To state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and 4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability.  Weinrich, 114 F.3d at 978.

      Plaintiff alleges that his disability is mental illness.  He alleges that prison officials have excluded him from educational and vocational programs.  These allegations state a colorable ADA claim for relief.  As relief, plaintiff also requests that group therapy for inmates in the Enhanced Outpatient Program (EOP), like himself, be scheduled at particular times.  Plaintiff does not appear to allege that he is being denied group therapy.  Rather, he is requesting that it be held at a more convenient time.  These claims do not allege that plaintiff is being denied access to a program or activity.  Accordingly, the request for a change in the group therapy schedule does not state a colorable ADA claim.

      Plaintiff's amended complaint includes several other claims for relief including, but not limited to: 1) the classification committee hearings for EOP inmates be held in a location other than the day room; 2) EOP inmates be given access to showers and telephone calls during certain hours; 3) the EOP's Men's Advisory Council representatives should be the same as those of the general population; 4) EOP inmates be given five minutes to exit their cells during meal releases; 5) EOP inmates see doctor's without the presence of officers, psych techs or nurses.  These allegations do not involve claims that plaintiff has been denied access to a program or

activity because of his disability. These claims should not be included in a second amended complaint.

If plaintiff files a second amended complaint allegation a violation of Title II of the ADA he must only include allegations regarding programs and activities to which he has been denied access based on his mental illness. Plaintiff's claims challenging conditions of confinement which do not involve the ADA should be raised in a separate civil rights action.

Accordingly, IT IS HEREBY ORDERED that plaintiff's July 11, 2005, amended complaint is dismissed with thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action.

DATED: 8/24/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
wil876.ame