IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

      Plaintiff,                                No. CIV S-05-0876 LKK GGH P

      vs.

JEANNE WOODFORD, et al.,

      Defendants.                    ORDER

_____/

        Plaintiff is a prisoner proceeding pro se. Pending before the court is plaintiff's second amended complaint filed September 19, 2005. The only named defendant is the California Department of Corrections. Plaintiff states that he is raising claims pursuant to the Americans with Disabilities Act (ADA), Rehabilitation Act (RA) and 42 U.S.C. § 1983. Second Amended Complaint, p. xxiii. Plaintiff states that he is seeking damages and injunctive relief.

        At the outset, the court finds that plaintiff's claims pursuant to 42 U.S.C. § 1983 are barred by the Eleventh Amendment. The Eleventh Amendment bars suits brought by private parties against a state or state agency pursuant to 42 U.S.C. § 1983 unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139 (1979); Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may

1

raise the defect on its own. <u>Wisconsin Department of Corrections v. Schacht</u>, 524 U.S. 381, 389, 118 S. Ct. 2047, 2052 (1998); <u>Edelman v. Jordan</u>, 415 U.S. 651, 677-78, 94 S. Ct. 1347, 1362-1363 (1974). In the instant case, the State of California has not consented to suit. Accordingly, the court will separately recommend that plaintiff's claims brought pursuant to 42 U.S.C. § 1983 be dismissed.

The court now considers plaintiff's claims brought pursuant to the ADA and RA. Plaintiff may bring a claim pursuant to Title II of the ADA against state entities for injunctive relief and damages. <u>Phiffer v. Columbia River Correctional Institute</u>, 384 F.3d 791 (9th Cir. 2004).

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability. 42 U.S.C. § 12132 (1994); <u>Weinrich v. L.A. County Metro Transp. Auth.</u>, 114 F.3d 976, 978 (9th Cir. 1997). To state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and 4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. <u>Weinrich</u>, 114 F.3d at 978

The RA provides, in pertinent part, that "[n]o otherwise qualified individual with a disability...shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). In <u>Duffy v. Riveland</u>, the Ninth Circuit found that a prison inmate may state a claim under both the RA and the ADA that he was improperly excluded from participation in, or denied the benefits of, a prison service, program, or activity, on the basis of a physical handicap.

Plaintiff alleges that he suffers from mental illness and has been classified as an "EOP" inmate, i.e. Enhanced Outpatient inmate. Plaintiff alleges that EOP inmates do not

receive the same access to programs as inmates in the general population. The following allegations state colorable ADA and RA claims: EOP inmates 1) are not permitted to attend school full time; 2) are not permitted to attend GED classes or receive vocational training; 3) do not receive the same yard time; 4) receive less access to the law library; 5) are not permitted to attend church services; 6) are denied group therapy; 7) are not permitted to be members of or are denied equal access to the Men's Advisory Committee. Second Amended Complaint, pp. ii-iii.

Plaintiff also alleges that EOP inmates are not permitted to participate in the same game room activities as general population inmates such as table games and letter writing, do not have the same access to the telephone during the day, do not have adequate time to eat their meals, do not have the same access to laundry services and cell maintenance units, do not have the same access to showers. These allegations do not involve access to programs covered by the ADA and RA. In other words, access to table games and laundry services, for example, are not programs protected by the ADA or RA. Accordingly, the court will separately recommend dismissal of these claims.

Plaintiff also alleges that EOP inmates are placed in segregation for psychological and non-disciplinary reasons without being seen every thirty days by the classification committee. These allegations do not involve a claim that plaintiff was denied access to a program covered by the ADA and RA based on his disability. Accordingly, the court will separately recommend that these allegations be dismissed.

Plaintiff also alleges that he is sometimes denied access to group therapy and the exercise yard due to inadequate staffing. Second Amended Complaint, p. iii. These allegations conflict with his allegations that EOP inmates are denied access to group therapy and to the same time on the exercise yard as inmates in the general population based on their EOP status. Despite these somewhat conflicting allegations, the court orders defendants to respond to the claims that EOP inmates do not receive group therapy and equal yard time based on their disability.

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: California Department of Corrections.

2. The Clerk of the Court shall send plaintiff 1 USM-285 forms, one summons, an instruction sheet and a copy of the second amended complaint filed September 19, 2005.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a.  The completed Notice of Submission of Documents;

    b.  One completed summons;

    c.  One completed USM-285 form for each defendant listed in number 3 above; and

    d.  Two copies of the endorsed second amended complaint filed September 19, 2005.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: 10/31/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
wil876.ord

4

|   |   |
|---|---|
| | IN THE UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

DAVID WILSON,

     Plaintiff,                            No. CIV S-05-0876 LKK GGH P

     vs.

JEANNE WOODFORD, et al.,          NOTICE OF SUBMISSION

     Defendants.                  OF DOCUMENTS

_____/

     Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

     __1__     completed summons form

     __1__     completed USM-285 forms

     __2__     copies of the _____
                                Complaint/Amended Complaint

DATED:

                                              _____
                                              Plaintiff