IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

    Plaintiff,                      No. CIV S-05-0876 LKK JFM P

    vs.

JEANNE WOODFORD, et al.,       <u>ORDER AND</u>

    Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he suffers from mental illness and participates in the Enhanced Outpatient Program (EOP) in the California Department of Corrections. This action is proceeding on claims, raised in plaintiff's second amended complaint filed September 19, 2005, under the Americans with Disabilities Act and the Rehabilitation Act that EOP inmates "1) are not permitted to attend school full time; 2) are not permitted to attend GED classes or receive vocational training; 3) do not receive the same yard time; 4) receive less access to the law library; 5) are not permitted to attend church services; 6) are denied group therapy; 7) are not permitted to be members of or are denied equal access to the Men's Advisory Committee;" and do not, based on their disability, receive group therapy or equal yard time. (Order filed November 1, 2005, at 3; <u>see also</u> Findings and Recommendations, filed November 1, 2005 and Order thereon,

1  filed March 24, 2006.)  The sole defendant named in this action is the California Department of
2  Corrections[1].  (See Order, filed November 1, 2005, at 1.)  Plaintiff seeks injunctive relief and
3  attorneys' fees.  (Second Amended Complaint, filed September 19, 2005, at xxiii-xxv.)
4         On July 27, 2006, defendants filed a motion to dismiss this action for failure to
5  exhaust administrative remedies prior to suit.  On August 30, 2006, plaintiff field a document
6  styled "motion for discovery," by which he seeks a discovery conference pursuant to Fed. R. Civ.
7  P. 26(f).
8         By order filed May 2, 2006, this action was related to, inter alia, a class action
9  pending in this court, Coleman v. Wilson, No. CIV S-90-0520 LKK JFM P, and a proposed class
10 action also pending in this court, Hecker v. California Department of Corrections and
11 Rehabilitation, No. CIV S-05-2441 LKK JFM P.  This court has found in Hecker that the
12 interests of the parties and judicial economy would be served by referral of Hecker be referred to
13 the special master in Coleman v. Schwarzenegger, No. CIV S-90-0520 LKK JFM for a report
14 and recommendation as to whether the claims raised therein can be resolved within the remedial
15 phase of Coleman and has recommended that Hecker be so referred and stayed until the report
16 from the Coleman special master has been filed and considered by the district court.  The claims
17 raised in the instant action are sufficiently similar to those presented in Hecker that the court will
18 recommend that this action be stayed pending the recommended referral in Hecker.  Plaintiff's
19 motion for discovery conference will be denied without prejudice, and the court will recommend
20 that defendant's motion to dismiss be denied without prejudice to its renewal, as appropriate, at a
21 later stage of these proceedings.
22         In accordance with the above,  IT IS HEREBY ORDERED that plaintiff's August
23 30, 2006 motion for discovery is denied; and
24         IT IS HEREBY RECOMMENDED that:

---

[1] Now known as the California Department of Corrections and Rehabilitation.

1. This matter be stayed pending referral of the related case, Hecker v. California Department of Corrections and Rehabilitation, No. CIV S-05-2441 LKK JFM P, to the special master in Coleman v. Schwarzenegger, No. CIV S-90-0520 LKK JFM for a report and recommendation as to whether the claims raised in Hecker herein can be resolved within the remedial phase of Coleman; and

2. Defendant's July 27, 2006 motion to dismiss be denied without prejudice to its renewal, as appropriate, at a later stage of these proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 26, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

12
wils0876.frs