IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

    Plaintiff,                    No. CIV S-05-0876 LKK JFM P

    vs.

JEANNE WOODFORD, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he suffers from mental illness and participates in the Enhanced Outpatient Program (EOP) in the California Department of Corrections. This action is proceeding on plaintiff's claims under the Americans with Disabilities Act and the Rehabilitation Act that EOP inmates "1) are not permitted to attend school full time; 2) are not permitted to attend GED classes or receive vocational training; 3) do not receive the same yard time; 4) receive less access to the law library; 5) are not permitted to attend church services; 6) are denied group therapy; 7) are not permitted to be members of or are denied equal access to the Men's Advisory Committee;" and do not, based on their disability, receive group therapy or equal yard time. (Order filed November 1, 2005, at 3; see also Findings and Recommendations, filed

/////

1

November 1, 2005 and Order thereon, filed March 24, 2006.)  The sole defendant named in this action is the California Department of Corrections[1].  (See Order, filed November 1, 2005, at 1.)

On March 27, 2006, plaintiff filed a motion for injunctive relief[2] temporary restraining order by which he seeks an order preventing prison officials from transferring plaintiff in retaliation for this litigation.  On April 21, 2006, plaintiff filed a motion for a temporary restraining order and/or preliminary injunction seeking similar relief.  On August 14, 2006, plaintiff filed a motion for temporary restraining order and/or preliminary injunction preventing prison officials from transferring plaintiff and requiring prison officials to release plaintiff from administrative segregation.

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  It is apparent however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973).  In addition to demonstrating that he will suffer

---

[1] Now known as the California Department of Corrections and Rehabilitation.

[2] Plaintiff's motion is styled "Motion for Permanent Restraining Order and or Preliminary Injunction."

2

irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).[3]

The claim underlying the instant motion for temporary restraining order is that prison officials at CMF are retaliating against plaintiff for the claims he is bringing in this action by threatening to transfer him and/or placing him in administrative segregation. Those claims are not part of the underlying complaint in this action and, therefore, will not be given a hearing on the merits at trial. Further, the claims do not implicate this court's jurisdiction in a way that might justify application of the All Writs Act to reach officials at CMF who are not defendants in this action. See footnote 3, supra. The record before this court shows that plaintiff has been able to access the court in this action to timely file opposition to defendant's July 27, 2006 motion to dismiss and objections to findings and recommendations filed September 13, 2006. For these reasons, plaintiff's motions for injunctive relief should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's March 27, 2006, April 21, 2006, and August 14, 2006 motions for injunctive relief be denied.

---

[3] The fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

 1    These findings and recommendations are submitted to the United States District
 2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen
 3 days after being served with these findings and recommendations, any party may file written
 4 objections with the court and serve a copy on all parties.  Such a document should be captioned
 5 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
 6 failure to file objections within the specified time may waive the right to appeal the District
 7 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
 8 DATED: February 26, 2007.

*[Signature]*
UNITED STATES MAGISTRATE JUDGE

12
wils0876.tro2