UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE S. WOODFORD, et al.,<br><br>　　　　　Defendants. | No.  2:05-cv-0876 KJM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he suffers from mental illness and participates in the Enhanced Outpatient Program (EOP) in the California Department of Corrections.  In his second amended complaint, filed September 19, 2005, plaintiff raises claims under the Americans with Disabilities Act and the Rehabilitation Act that EOP inmates: "1) are not permitted to attend school full time; 2) are not permitted to attend GED classes or receive vocational training; 3) do not receive the same yard time; 4) receive less access to the law library; 5) are not permitted to attend church services; 6) are denied group therapy; 7) are not permitted to be members of or are denied equal access to the Men's Advisory Committee;" and do not, based on their disability, receive group therapy or equal yard time. (Order filed Nov. 1, 2005 (ECF No. 25) at 3; see also Findings and Recommendations, filed Nov. 1, 2005 (ECF No. 24) and Order thereon filed Mar. 4, 2006 (ECF No. 41).)  The sole defendant named in this action is the California Department of

1  Corrections.[1]  (See Order filed Nov. 1, 2005 (ECF No. 25) at 1.)  Plaintiff seeks injunctive relief
2  and attorneys' fees. (Second Amended Complaint, filed Sept. 19, 2005 (ECF No. 19) at xxiiixxv.)
3        By order filed May 2, 2006 (ECF No. 45), this action was related to, inter alia, a class
4  action pending in this court, Coleman v. Brown, No. CIV S-90-0520 KJM DB P, and a proposed
5  class action which was also at that time pending in this court, Hecker v. California Department of
6  Corrections and Rehabilitation, No. CIV S-05-2441 KJM DAD P.  Subsequently, by order filed
7  March 27, 2007 (ECF No. 69), this action was stayed pending referral of Hecker to the Special
8  Master in Coleman for a report and recommendation as to whether the claims raised in Hecker
9  could be resolved within the remedial phase of Coleman.  After receipt of the Special Master's
10 report, the parties in Hecker engaged in settlement discussions facilitated by the Special Master.
11       On March 2, 2015, the court approved a final settlement of Hecker, No. CIV S-05-2441
12 KJM DAD P (ECF No. 148).  That settlement resolved all but two sets of issues.  Those issues,
13 listed at paragraphs 21 and 22 of the settlement agreement, were made part of the Coleman
14 remedial process.  (See Settlement Agreement (ECF No. 148-1) at 7-10.)
15       Based on the settlement of Hecker and the continuing remedial phase of Coleman, this
16 court finds the above-captioned case should likely be dismissed.  Accordingly, IT IS HEREBY
17 ORDERED that within twenty days of service of this order the parties shall inform the court why
18 this case should not be dismissed.
19 Dated:  September 22, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

---

[1] Now known as the California Department of Corrections and Rehabilitation.

2

DLB:9
DLB1/prisoner-civil rights/wils0876.osc