UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE S. WOODFORD, et al.,<br><br>　　　　　Defendants. | No.  2:05-cv-0876 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  On September 23, 2016, the undersigned ordered the parties to inform the court whether this action should be dismissed based on the settlement of Hecker v. California Department of Corrections and Rehabilitation, No. CIV S-05-2441 KJM DAD P (E.D. Cal.) and the continuing remedial phase of Coleman v. Brown, No. CIV S-90-0520 KJM DB P (E.D. Cal.).  Both parties filed responses.  After reviewing the pleadings and filings in this action and considering the parties' responses to the September 23 order, the undersigned will recommend dismissal of this action.

**BACKGROUND**

The operative complaint is the second amended complaint filed here on September 19, 2005. (ECF No. 19.)   Plaintiff alleges that he suffers from mental illness and has been classified as an Enhanced Outpatient ("EOP") inmate.  Generally stated, he claims that EOP inmates do not

1

receive the same access to programs as inmates in the general population.  Upon screening, the court dismissed plaintiff's claims raised under 42 U.S.C. § 1983, and many of plaintiff's claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA").  Plaintiff's surviving claims arise under the ADA and the RA.  The court specifically found that the following claims in the Second Amended Complaint are cognizable:  (1) EOP inmates are not permitted to attend school full time; (2) EOP inmates are not permitted to attend GED classes or receive vocational training; (3) EOP inmates do not receive the same yard time; (4) EOP inmates receive less access to the law library; (5) EOP inmates are not permitted to attend church services; (6) EOP inmates are denied group therapy; (7) EOP inmates are not permitted to be members of or are denied equal access to the Men's Advisory Committee.  (See ECF Nos. 24, 25, 41.)

Thereafter, plaintiff made one attempt to amend his second amended complaint to add parties regarding his claims of discrimination against EOP inmates.  (ECF No. 27.)  That request was denied.  (ECF No. 34.)  Thus, this case proceeded on the seven claims identified in the screening order.  See 28 U.S.C. § 1915A(b) (purpose of screening is to "identify cognizable claims" and dismiss any portion of the complaint that fails to state a claim).

By order filed May 2, 2006 (ECF No. 45), this action was related to a class action pending in this court, Coleman v. Brown, No. CIV S-90-0520 KJM DB P, and a proposed class action which was also at that time pending in this court, Hecker v. California Department of Corrections and Rehabilitation, No. CIV S-05-2441 KJM DAD P.  Subsequently, by order filed March 27, 2007 (ECF No. 69), this action was stayed pending referral of Hecker to the Special Master in Coleman for a report and recommendation as to whether the claims raised in Hecker could be resolved within the remedial phase of Coleman.  After receipt of the Special Master's report, the parties in Hecker engaged in settlement discussions facilitated by the Special Master.

On March 2, 2015, the court approved a final settlement of Hecker, No. CIV S-05-2441 KJM DAD P (ECF No. 148).  That settlement resolved all but two sets of issues. Those issues, listed at paragraphs 21 and 22 of the settlement agreement, were made part of the Coleman remedial process.  (See Settlement Agreement (ECF No. 148-1) at 7-10.)

////

On September 23, 2016, the undersigned ordered the parties to inform the court whether this action should be dismissed based on the settlement of Hecker and the continuing remedial phase of Coleman. (ECF No. 84.) Defendant responded briefly that because plaintiff is a class member in both Coleman and Hecker, his claims have either been resolved through the Hecker settlement or they can be addressed through the Coleman remedial process. (ECF No. 85.) Plaintiff's filing is a 24-page response to the court's order and 376 pages of attachments. The undersigned has reviewed the response and attempted to discern why plaintiff feels this action should not be dismissed.

Primarily, plaintiff appears to restate many of his complaints about the treatment of EOP inmates, describes new problems facing EOP inmates and other suits he has filed, and raises some new, personal issues, including allegations that he is being denied library access. Plaintiff seems to argue that this action should not be dismissed because it falls outside the purview of the Hecker settlement or the Coleman remedial phase. Those arguments are: (1) plaintiff's case involves discrimination in access to Fire Camps; (2) plaintiff filed his case before the Hecker settlement; (3) the Coleman remedial phase deals with heat conditions at CDCR prisons while plaintiff's case deals with discrimination in the access to programs and other services based on disability; (4) plaintiff claims of retaliation; (5) there remain "systemic deficiencies" despite the work of the Coleman attorneys; (6) the Coleman attorneys are over-loaded, which makes them ineffective for the California Medical Facility ("CMF"); and (7) the Coleman remedial process is ignored by CMF staff.

## ANALYSIS

The court determined previously that plaintiff's claims in this case were substantially similar to the claims raised in Hecker. (ECF Nos. 65, 69.) As described above, in his claims that survived screening, plaintiff alleges that EOP inmates are denied equal access to classes, yard time, the law library, church services, group therapy, and the Men's Advisory Committee in violation of the ADA and RA. The operative complaint in Hecker alleged violations of the ADA and RA based on limitations on EOP inmates' access to "a broad range of prison programs, services, and activities." Hecker, No. CIV S-05-2441 KJM DAD P (Sec. Am. Compl. (ECF No.

35) ¶ 72, ¶¶199-210.) The <u>Hecker</u> suit thus covered the programs, service, and activities about which plaintiff complained in his surviving claims. Plaintiff has not shown otherwise. As an EOP inmate, plaintiff is a member of the <u>Hecker</u> class. See <u>Hecker</u>, No. CIV S-05-2441 KJM DAD P (ECF No. 148-1, ¶17[1]).

The <u>Hecker</u> settlement agreement dismissed with prejudice all claims for declaratory and injunctive relief except those "regarding assignment of MHSDS inmates to fire/conservation camps." <u>Id.</u>, ¶25. While plaintiff states that he raises a fire camp claim, such a claim is not included in the list of plaintiff's claims that survived screening set out above. Further, to the extent plaintiff contends he has any remaining individual claims, such as retaliation claims, those claims were also not included in the list of surviving claims described by the court when it screened plaintiff's second amended complaint. Plaintiff did not attempt to amend his complaint further to state a conservation/fire camp claim or any individual claims.

Accordingly, those claims, which plaintiff contends fall outside the scope of <u>Hecker</u> and <u>Coleman</u>, are not currently part of this action. See <u>Thomas v. Wilber</u>, No. 1:10-cv-0006-AWI-SKO PC, 2014 WL 972156, at *4 (E.D. Cal. Mar. 12, 2014) (court's screening order controls the identification of plaintiff's claims going forward), <u>findings & recos. adopted</u>, 204 WL 1757210 (Apr. 29, 2014); <u>Pipes v. United States</u>, No. 1:07-cv-057, 2007 WL 4191775, at *3 (D. N.D. Nov. 21, 2007) (if plaintiff believes a screening order overlooked or omitted claims in its list of cognizable claims, he may file a motion to amend or a separate action), <u>report & reco. adopted</u>, 2008 WL 504393 (Feb. 20, 2008).

Arguably, plaintiff has one remaining basis for relief that survives <u>Hecker</u>. The <u>Hecker</u> suit sought declaratory and injunctive relief. However, plaintiff also sought money damages on behalf of all EOP inmates at CMF. (See ECF No. 19 at xxv.) While a claim for damages would not be covered by <u>Hecker</u> and <u>Coleman</u>, plaintiff's request for damages cannot stand. Plaintiff,

---

[1] In paragraph 17 of the <u>Hecker</u> settlement agreement, the class is defined as: "all present and future CDCR inmates with psychiatric conditions that are disabilities as defined by the ADA and the Rehabilitation Act and who are allegedly excluded and/or screened out from any prison program, service, or activity on the basis of their assignment to or participation in the MHSDS program, including the CCCMS and EOP."

proceeding pro se, may not seek relief for anyone besides himself.  See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (citing 28 U.S.C. § 1654).  Accordingly, plaintiff's claim for damages should be dismissed.

Finally, to the extent plaintiff has concerns about the prison's participation in the Coleman remedial process, plaintiff may contact Coleman counsel to express his concerns.

Because the Hecker settlement released CDCR from "all claims, past, present and future, known or unknown, that arise or could arise from the facts alleged in the complaint,"[2] plaintiff's claims seeking relief for the class of EOP inmates are no longer actionable.  See 18A Wright et al., Federal Practice and Procedure § 4455, at 448 (2d ed. 2002) (The "central purpose" of a class action "is to establish a judgment that will bind not only the representative parties but also all nonparticipating members of the class certified by the court.").

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 16, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/wils0876.fr

---

[2] Hecker, No. CIV S-05-2441 KJM DAD P (ECF No. 148-1, ¶26.)